# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **ORDER OF DETENTION PENDING** |
| v. | **REVOCATION HEARING** |
| **JOSIE LEE** | Case Number: **1:01-CR-229** |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant appears before the court pursuant to a second violation of her supervised release. On December 9, 2004, defendant's original term of supervised release was revoked for use of cocaine in November 2004, and she was sentenced to 12 months custody to be followed by 36 months of supervised release. Defendant was released on the 12 months custody on November 22, 2005, and less than one month later tested positive for cocaine. She immediately began participating in the Intensive Out-Patient (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that defendant has failed to prove by clear and convincing evidence that she is not a danger to herself and other members of the community due to her inability to stop using illegal substances. She will certainly continue to endanger herself by doing so, and in the past has had to resort to illegal activity to raise drug money, thus endangering the community. Since she has repeatedly been unable to stop using controlled substances while on release, the court can feel no confidence that she will abide by the rules necessary to supervise her while on bond at this time.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for *confinement in* corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctio facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a co proceeding.

| | |
|---|---|
| Dated: January 24, 2006 | /s/ Hugh W. Brenneman, Jr. |
| | *Signature of Judicial Officer* |
| | Hugh W. Brenneman, Jr., United States Magistrate Judge |
| | *Name and Title of Judicial Officer* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. 6955a)

United States v. Josie Lee
1:01-CR-229
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.

**Alternate Findings (B)** - (continued)

Program at Reality Counseling in Lansing, Michigan, and was in compliance with that program until January 10, 2006, when she appeared to a counselor to be on drugs and she refused to take a drug test. She was arrested that date.

Defendant has a history of substance abuse dating back to when she was 13 years of age (defendant is approximately 40 years old). According to her presentence report several years ago, her drug use had increased to the point she was using $800 worth of crack cocaine per week, which led to her involvement in illegal activities to raise money to support her habit. It appears that she continues to utilize drugs to this day.